FERMÍN ORTA y OTROS, demandantes y recurridos, *v.* PEDRO A. PADILLA AYALA y OTROS, demandados y recurrentes.

*Número:* RE-93-493 *Resuelto:* 8 de febrero de 1995

---

*Antonio Adrover Robles*, abogado de los recurrentes; *Eliezer Aldarondo Ortiz, Isabel López Bras* y *Miguel Pagán*, de *Aldarondo, López Bras & Pagán*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Este caso es una secuela de *Orta v. Padilla Ayala*, 131 D.P.R. 227 (1992). Nos corresponde hoy aclarar el remedio disponible a los empleados irregulares despedidos discriminatoriamente y los fundamentos bajo los cuales hemos limitado dicho remedio al pago de los daños y perjuicios.

Reiteramos una vez más nuestro rechazo a la práctica de nombrar sin justificación válida alguna a empleados en los municipios del país como empleados irregulares o jornaleros, creando así un sistema de personal ilegal paralelo al sistema que crea la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1301 *et seq.*

Para aquellos empleados irregulares *que cumplen con los requisitos de la ley para adquirir la condición de empleado regular*, procede que sean nombrados en puestos regulares o, de no existir éstos, deberán ser incluidos en los registros de elegibles del Municipio. Procede, además, *para estos empleados* el pago de los salarios dejados de devengar y los daños y perjuicios ocasionados por la acción discriminatoria.

Los empleados irregulares *que no cumplen con los requisitos para adquirir la condición de empleado regular sólo tienen derecho al pago de los daños y perjuicios causados por el despido discriminatorio*. Éstos no tienen derecho a la paga atrasada y, por consiguiente, tampoco lo tienen para los intereses impuestos sobre dicha suma. Así modificada, se confirma la sentencia recurrida.

I

El caso que hoy tenemos ante nuestra consideración es una secuela de *Orta v. Padilla Ayala*, supra. Allí un grupo de cincuenta y nueve (59) empleados del Municipio de Trujillo Alto, que habían sido despedidos, presentaron el 9 de febrero de 1982 una demanda en daños y perjuicios y *mandamus* contra el alcalde electo del referido municipio, Sr. Pedro A. Padilla Ayala, y la Sociedad Legal de Gananciales compuesta por éste y su esposa.

En mayo de 1986 el Tribunal Superior, Sala de Carolina, dictó una sentencia donde declaró con lugar la demanda. El tribunal concluyó, en síntesis, que los despidos de todos los demandantes fueron por motivaciones políticas, en violación al debido proceso de ley, y sin observarse los preceptos de ley y el reglamento aplicables. En consecuencia, se ordenó la reinstalación de los demandantes a sus puestos; la paga de los salarios dejados de devengar, y la paga de sesenta mil dólares ($60,000) en honorarios de abogado. Quedó pendiente una vista evidenciaria sobre los daños y perjuicios reclamados.

En revisión, modificamos la sentencia recurrida de la forma siguiente:

1. Concluimos que no hubo ilegalidad en cuanto a la terminación del contrato de 22 empleados transitorios debido a que la terminación de éstos ocurrió ya expirado el término del contrato.

2. Resolvimos que el remedio de una empleada transitoria ilegalmente cesanteada no incluía una reposición en el empleo por la naturaleza del empleo transitorio.

3. Resolvimos que los empleados irregulares que cumplan con los requisitos que dispone la ley podrán ser reinstalados a los puestos regulares. De no existir estos puestos, el remedio será rango preferente en el registro de elegibles.

4. Concluimos que la sociedad de gananciales del alcalde y su esposa no tienen responsabilidad solidaria por los actos ilegales del alcalde.

5. Redujimos a diez mil dólares ($10,000) la suma de honorarios de abogado.

Así modificada la sentencia (parcial) recurrida, el caso fue devuelto al foro de instancia para que se celebrara la vista sobre el aspecto de daños.

En conformidad con nuestra orden, el tribunal celebró la vista de daños. Posteriormente, los demandantes y el Municipio demandado estipularon el monto neto de los haberes, beneficios marginales y sueldos dejados de devengar para cada uno de los treinta y cinco (35) empleados irregulares demandantes (desde sus despidos hasta el 30 de junio de 1993) y para la codemandante Juana Cruz Aquino (desde su despido hasta la fecha de terminación de su contrato).

Las partes también estipularon que ocho (8) empleados irregulares cualificaban para ser nombrados como empleados regulares de carrera en el Municipio.

Luego de comenzado el desfile de prueba, las partes estipularon el monto de los daños y perjuicios de los treinta y cinco (35) empleados irregulares.[1] Mediante la Ordenanza Municipal Núm. 5, Serie 1993–1994, de 12 de agosto de 1993, la referida transacción de la reclamación de daños y perjuicios, más el pago por estipulación de los haberes netos de ocho (8) demandantes que cualificaban para puestos de carrera, fue aprobada por la Asamblea Municipal de Trujillo Alto.

Posteriormente, el tribunal de instancia le impartió su aprobación a la referida transacción y, luego de resolver las

---

[1] Se estipuló una suma de veinte mil dólares ($20,000) por los daños de cada uno de los treinta y cinco (35) empleados irregulares; cuatro mil dólares ($4,000) por los daños y perjuicios de los respectivos cónyuges de éstos, y cinco mil dólares ($5,000) por los daños y perjuicios de la empleada transitoria Juana Cruz Aquino, cuyo contrato no había finalizado a la fecha de su despido.

controversias pendientes, dictó la sentencia el 13 de septiembre de 1993.

Con respecto a la cualificación de tres (3) empleados irregulares para ocupar puestos regulares de carrera, el tribunal concluyó que *sólo una de éstas, la Sra. Basilia González Díaz, reunía los requisitos.*

En cuanto a los demás empleados irregulares, el foro de instancia *ordenó la reinstalación de éstos a los puestos que ocupaban al momento del despido y la conversión a empleado regular de los ocho empleados (8) que cualificaban para ello, conforme fue estipulado.*

En la sentencia se ordenó a los demandados pagarle a los empleados irregulares (además de la paga atrasada estipulada hasta el 30 de junio de 1993) una suma en concepto de paga atrasada por el periodo entre esa fecha y la que en efecto sean reinstalados. Se ordenó el pago del interés legal sobre el monto de la paga atrasada, al doce por ciento (12%) anual, desde el 23 de mayo de 1986 hasta la fecha en que se efectúe el pago completo.

Inconforme, acude en revisión el Municipio de Trujillo Alto, señalando en apoyo a su solicitud de revisión que erró el tribunal al:

(1) Concluir y determinar que procedía la reinstalación y conversión a un puesto de carrera de la empleada irregular Basilia González Díaz.

(2) Concluir y resolver que procedía la reinstalación de los empleados irregulares a posiciones iguales o similares a las que ocupaban al momento de sus cesantías.

(3) Resolver como cuestión de derecho que procedía la paga atrasada a los empleados irregulares que no fueron acreedores a nombramientos en puestos regulares o de carrera.

(4) Determinar que procedía el pago del interés legal postsentencia sobre el monto de la paga neta atrasada correspondiente a los demandantes a partir de que el Honorable Tribunal Sentenciador dictó la sentencia original del caso el 23 de mayo de 1986. Solicitud de revisión, pág. 4.

Mediante Resolución de 10 de diciembre de 1993, el re-

curso fue expedido.(²) Posteriormente, en auxilio de nuestra jurisdicción, emitimos una resolución el 27 de mayo de 1994 donde autorizamos el pago a ocho (8) de los codemandantes en concepto de paga atrasada y el pago de los daños y perjuicios a todos los demandantes, *conforme fue estipulado por las partes y aprobado por el tribunal.*(³) Estos pagos no eran objeto del recurso ante nuestra consideración. Cumplidos los trámites de rigor y con el beneficio de los escritos de las partes, resolvemos.

## II

Desde nuestra anterior intervención en este caso, *Orta v. Padilla Ayala*, supra, pág. 248, reiteramos lo expuesto en *Pizarro v. Municipio de Carolina*, 112 D.P.R. 822 (1982), a los efectos de que "los jornaleros o empleados irregulares estaban cubiertos por las salvaguardas procesales de la ley y el reglamento de personal, salvo que se demostrara que su relación con el municipio era una de contratista independiente a principal". (Énfasis suprimido.)

En la citada opinión *Orta v. Padilla Ayala*, supra, no sólo aclaramos la aplicabilidad de la ley y el reglamento de personal a estos empleados, *sino que reiteramos el rechazo que ya habíamos hecho en Pizarro v. Municipio de Carolina*, supra, *de la práctica ilegal de continuar nombrando, sin justificación, empleados municipales en puestos irregulares o como jornaleros.* Véanse: *Pizarro v. Municipio de Carolina*, supra; *Orta v. Padilla Ayala*, supra, pág. 248. Por ello, *en aras de contribuir a erradicar la práctica censurada e ilegal de los nombramientos de empleados irregulares, atemperamos nuestros pronunciamientos anterio-*

---

(²) El Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri no intervinieron.

(³) El Juez Presidente Señor Andréu García se inhibió.

*res, a los efectos de que sólo procedía el remedio de la reinstalación del empleado irregular que cualifica para ser nombrado en un puesto regular. Cf. Rodríguez Cruz v. Padilla Ayala,* 125 D.P.R. 486 (1990); *Pizarro v. Municipio de Carolina,* supra.

Consistentemente hemos repudiado la práctica antes señalada de mantener dos (2) sistemas de clasificación de personal, uno con empleados regulares de confianza y de carrera (3 L.P.R.A. sec. 1349), el cual permite que se recluten empleados transitorios (3 L.P.R.A. sec. 1333(11) y (12), y el otro al margen de la ley con empleados irregulares o jornaleros (3 L.P.R.A. sec. 711g). *No podemos perpetuar la ilegalidad de mantener, sin justificación válida alguna, este segundo sistema de personal (consistente de empleados irregulares o jornaleros) al ordenar la reinstalación de éstos a los puestos que ocupaban al margen de la ley.* Es por ello que en *Orta v. Padilla Ayala,* supra, se concedió como remedio de los empleados irregulares el nombramiento o la reinstalación a aquellos que cualifican para puestos regulares y el pago de los salarios dejados de percibir. En caso de que no existieran puestos disponibles, ordenamos que fueran incluidos estos empleados en los registros de elegibles del Municipio.

■ Para todos los empleados irregulares, independientemente si éstos cualificaban o no para ser nombrados en puestos regulares, se reconoció en *Orta v. Padilla Ayala,* supra, *la acción en daños y perjuicios por los despidos discriminatorios,* acción que no habíamos reconocido en *Pizarro v. Municipio de Carolina,* supra. Al concederse este remedio a *todos* los empleados irregulares, aquellos que no cualificaron para un puesto regular y que no recibirían la paga atrasada, tendrían un remedio frente a un despido discriminatorio. El remedio disponible para estos empleados *es la indemnización por los daños y perjuicios producto de dicho despido discriminatorio.* De esta forma no dejamos huérfanos de un remedio a estos empleados y, a la vez,

no perpetuamos un sistema de personal ilegal y paralelo al dispuesto por la Ley de Personal del Servicio Público de Puerto Rico.

Expuesta y aclarada la norma establecida en *Orta v. Padilla Ayala*, supra, y los fundamentos que sostienen los remedios concedidos, concluimos que erró el tribunal al ordenar la reinstalación de *todos* los empleados irregulares y el pago de los salarios dejados de percibir por éstos. Veamos entonces los restantes errores que se plantean en el recurso.

## III

Según señalamos antes, las partes estipularon que ocho (8) de los empleados irregulares cualificaban para puestos regulares de carrera. El foro de instancia tuvo que determinar si, en el caso de otros tres (3) empleados (Doris Casillas, Aurelio La Santa y Basilia González Díaz), éstos cualificaban o no para adquirir la condición de empleado regular.

El tribunal concluyó que sólo uno de estos tres (3) empleados, la Sra. Basilia González Díaz, cualificaba para el referido nombramiento. La parte recurrente impugna esta conclusión del tribunal, alegando que la prueba aportada no la sustenta.

■ Para que un empleado irregular adquiera la condición de empleado regular, la Ley Núm. 110 de 26 de junio de 1958, según enmendada, 3 L.P.R.A. sec. 711 *et seq.*, exige que se cumplan los requisitos siguientes:

(a) Que haya prestado servicios continuos al Gobierno del Estado Libre Asociado por espacio de tres (3) años o más, en una agencia; Disponiéndose, que 1,800 horas o más de servicios prestados en un año fiscal se considerarán como un año de servicios.

En aquellos casos en que se reduzca el horario de la jornada de trabajo del personal irregular en virtud de las disposiciones de una ley estatal y/o en cumplimiento de las disposiciones fe-

derales sobre salario mínimo, el Director de la Oficina Central de Administración de Personal determinará el número de horas equivalentes a un año de servicios.

La equivalencia antes indicada se determinará considerando las horas de servicio que podrían prestarse en un año fiscal en base a la jornada completa de trabajo que resulte como consecuencia de la reducción del horario.

(b) Que posea los requisitos mínimos de preparación y experiencia establecidos para la clase de puesto a la cual se asignen las funciones que éste venía desempeñando, y

(c) que el jefe de la agencia en la cual presta sus servicios certifique al Director de Personal que ha prestado servicios satisfactorios, conforme a las normas adoptadas por éste. 3 L.P.R.A. sec. 711g.[4]

Surge de la sentencia recurrida que el tribunal tuvo ante sí prueba consistente de testimonios y documentos, luego de cuya apreciación concluyó que la empleada era acreedora a un puesto regular. El tribunal determinó que la referida empleada había trabajado de forma continua e ininterrumpida en el Municipio desde marzo de 1977 hasta su despido. Desde el Año Fiscal 1977–1978 concluyó el tribunal que ésta ya había trabajado en exceso de las mil ochocientas (1,800) horas.

La parte recurrente, amparándose en los documentos del Municipio, cuestiona la conclusión del tribunal. Alega que no se aportó prueba alguna para sostener la alegada inferencia de que la empleada trabajó de forma contínua e ininterrumpida durante 1977. A su vez, se cuestiona en el escrito la determinación del tribunal sobre la inexactitud del récord del Municipio sobre las horas acumuladas por los empleados.

La parte recurrente omite referirse en su escrito a la prueba testifical que tuvo ante sí el tribunal. Erróneamente tipifica de inferencia la determinación del foro de

---

[4] Refiérase, además, a la Ley Núm. 81 de 30 de agosto de 1991, según enmendada por la Ley Núm. 84 de 29 de octubre de 1992, Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, la cual incorpora lo dispuesto en la Ley Núm. 110 de 26 de junio de 1958, según enmendada, sobre los empleados irregulares, 21 L.P.R.A. sec. 4554.

instancia sobre el trabajo ininterrumpido y continuo de la empleada. La propia empleada (señora González) al igual que la ex directora de finanzas del Municipio (Sra. Amparo García) testificaron al respecto. No se alude en el escrito a la credibilidad que le mereciera al juzgador de los hechos dicho testimonio.

Por otro lado, la propia parte recurrente admite ante nos que tuvo que "reconstruir" sus récord utilizando, inclusive, fuentes alternas. El hecho de que en un momento dado no aparecía la tarjeta de pago de la empleada, a pesar de que fuese encontrada posteriormente, arroja serias dudas en cuanto a la confiabilidad de los récord del Municipio.([5]) Ante esto, no podemos acoger la posición del recurrente y alterar en revisión unas determinaciones y conclusiones fundamentadas en una prueba que ciertamente logró complementar la inexactitud de la prueba documental.

■ Reiteradamente hemos explicado que en ausencia de error manifiesto, pasión, prejuicio o parcialidad, no hemos de intervenir con la apreciación de la prueba del tribunal de instancia. Véanse: *Levy v. Aut. Edif. Públicos*, 135 D.P.R. 382 (1994); *Pérez v. Col. Cirujanos Dentistas de P.R.*, 131 D.P.R. 545 (1992); *Valencia, Ex parte*, 116 D.P.R. 909 (1986); *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172 (1985); *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721 (1984); *Quintana Tirado v. Longoria*, 112 D.P.R. 276 (1982), entre otros.

En este caso, no se justifica nuestra intervención con la conclusión de que la empleada Sra. Basilia González es acreedora a un puesto regular. Réstanos evaluar el señalamiento de error sobre el interés legal.

---

([5]) Nos referimos a los *Exhibit* 2A y 19, donde se acreditan las fallas de los récord del Municipio, conforme fue determinado por el tribunal de instancia.

## IV

En la sentencia, objeto del presente recurso, el tribunal de instancia le impuso a la parte recurrente el pago del interés legal sobre el monto de la paga atrasada de los demandantes.[6] La parte recurrente sostiene, en síntesis, que por ser improcedente el remedio de la paga atrasada a los empleados irregulares que no cualificaron para puestos regulares, tampoco procede el pago del interés sobre dicha suma.

Por el resultado al cual hemos llegado, procede que sea revocada aquella parte de la sentencia que ordenó el pago de interés legal sobre el monto de la paga atrasada que mediante esta opinión revocamos.[7] Confirmamos la orden del pago del referido interés sobre la suma de dinero, en concepto de paga atrasada, a serle pagada a la Sra. Basilia González. Dicha suma devengará un interés a partir de la fecha en que se dictó la sentencia recurrida (el 13 de septiembre de 1993) al tres por ciento (3%) anual. Véanse: la Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y la Certificación de 7 de diciembre de 1993 del Comisionado de Instituciones Financieras del Estado Libre Asociado ("Intereses sobre Sentencias").

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García se inhibió. El Juez Asociado Señor Fuster Berlingeri no intervino.

---

[6] Conforme señalamos antes, se dispuso en la sentencia que el interés sería el doce por ciento (12%) anual, a computarse desde el 23 de mayo de 1986, fecha de la sentencia que originó nuestra decisión en *Orta v. Padilla Ayala*, 131 D.P.R. 227 (1992).

[7] Esta decisión no afecta ni altera los intereses legales estipulados y ya pagados a algunos codemandantes.