# 2006 DTA 108

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**
**PANEL X**

WILFREDO VÁZQUEZ LUNA
Apelante

v.

SAUDY MALDONADO
Apelado

Núm. KLAN-05-01291

San Juan, Puerto Rico, a 18 de agosto de 2006

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Hernández Torres

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El apelante Wilfredo Vázquez tiene 65 años de edad y reside en Juana Díaz. El apelante es casado con la Sra. Sandra Rivera Rivera. La pareja tiene varios hijos. El apelante trabaja en la Destilería Serrallés de Ponce como supervisor del área de promociones.

Entre junio de 2003 a junio de 2005, el apelante tuvo una relación extramarital con la apelada Saudy Maldonado. La apelada es soltera por divorcio y también trabaja en la Destilería Serrallés, aunque en el área de finanzas, que es una división distinta a la del apelante. La apelada no está bajo la supervisión del apelante.

La apelada conocía que el apelante era casado. En diciembre de 2004, la apelada llamó a la esposa del apelante y le informó que el apelante estaba teniendo una relación extramarital. Ambas mujeres acordaron reunirse y confrontar al apelante. La esposa del apelante decidió invitar a uno de sus hijos.

La reunión se llevó a cabo el 20 de diciembre de 2004 en el Centro Comercial de Juana Díaz. Durante la confrontación, el apelante amenazó a la apelada con reportarla al Departamento de Recursos Humanos de Destilería Serrallés.

Las partes terminaron su relación de pareja luego del incidente. No obstante, la volvieron a iniciar en enero de 2005. El apelante le ocultó a su esposa que continuaba su relación con la apelada.

En junio de 2005, las partes volvieron a terminar su relación de manera aparentemente definitiva. No obstante, la apelada se comunicó con la esposa del apelante y le informó que ella continuaba su relación con éste.

En vista de ello, en julio de 2005, el apelante acudió ante la Sala Municipal de Juana Díaz y solicitó al Tribunal que emitiera una orden de protección contra la apelada bajo la Ley Contra el Acecho en Puerto Rico, 33 L.P.R.A. secs. 4013 y ss.

El Tribunal citó a las partes a una vista para considerar la expedición de la orden solicitada. La apelada compareció a oponerse.

Durante la vista, el apelante declaró que él había sostenido una relación extramarital con la apelada entre junio de 2003 y junio de 2005. Durante la relación se separó en varias ocasiones de la apelada, pero regresó debido a que la apelada lo amenazaba con que le iba a revelar la relación a la esposa del apelante.

En diciembre de 2004, la apelada llamó a su esposa para que se encontraran en un centro comercial de forma que ella viera cómo la apelada salía con el apelante. La esposa del apelante fue con su hijo y lo confrontó. El incidente provocó un gran conflicto entre el apelante y su esposa.

Según el apelante, luego de esto, la apelada comenzó a llamarlo continuamente a su trabajo. Lo llamaba a su celular y le insistía de que debían volver. Lo amenazaba con causarle daño a su familia. Lo llamaba de 20 a 30 veces al día. Esto le provocaba miedo y temor de que pudiera sufrir daño.

Tuvo que comunicarle a sus jefes lo que estaba sucediendo. La apelada lo amenazaba con decirle de su relación a su esposa. La apelada también pasaba continuamente por su casa a pesar de que había terminado la relación.

Durante el contrainterrogatorio, aceptó que había sostenido una relación con la apelada, quien era soltera. El quiso terminar la relación, pero ella no quiso aceptarlo.

Trabajaba para la Destilería Serrallés. La apelada trabajaba en el área de finanzas. El nunca la amenazó con perjudicarla en el trabajo. No tiene esa facultad.

Su esposa se enteró de la relación porque la apelada la llamó y planificó el encuentro. La apelada luego comenzó a llamar y perseguir a su esposa.

La esposa del apelante declaró que la apelada la había citado al encuentro con el apelante. La apelada la llamaba continuamente para hacerle saber que ellos seguían juntos. Ella se sentía nerviosa y con temor de sufrir daño.

El Sr. Daniel Burgos Torres declaró que él era empleado de la Destilería Serrallés y que conocía a ambas partes. Dijo que era testigo de las llamadas que la apelada le hacía continuamente al apelante a su celular y a su trabajo.

Por su parte, la apelada declaró que ella había sostenido una relación con el apelante aunque conocía que él era casado. La apelada declaró que el apelante era quien la había obligado a volver con él y que la había amenazado con que la perjudicaría en el trabajo. Ella temía que él lo hiciera porque el apelante tiene un puesto alto en la compañía.

Ella llamó a la esposa del apelante para detener sus insistencias. Ella creía que estaba embarazada del apelante.

Durante el contrainterrogatorio, aceptó que ella había sostenido la relación con el apelante voluntariamente, como adulta y con conocimiento de las consecuencias. La apelada aceptó que ella era quien le había contado a la esposa del apelante de la relación y que la había llamado para que supiera que habían regresado a la relación, tras haberse dejado en una ocasión. Aceptó que lo llamaba continuamente. El apelante no la perjudicó en su trabajo nunca.

A base de la prueba desfilada, el 6 de septiembre de 2006, el Tribunal de Primera Instancia emitió la resolución recurrida y denegó la solicitud de orden de protección presentada por el apelante.

En su resolución, el Tribunal de Primera Instancia observó que los hechos alegados podían justificar una orden de protección bajo la Ley para la Prevención y la Intervención con la Violencia Doméstica, 8 L.P.R.A. secs. 601 y ss., y no bajo la citada Ley Contra el Acecho en Puerto Rico, ya que las partes habían sostenido una relación de pareja.

El Tribunal rechazó la versión del apelante y consideró que éste no era acreedor al remedio que había solicitado.

El Tribunal expresó:

*"La actuación del [apelante] no parece ser la de un hombre prudente y razonable que merezca la protección de la Ley [Contra el Acecho en Puerto Rico]. No es creíble la versión de que volvió con la peticionaria por miedo a sus amenazas. Primero, aunque las partes no trabajan en el mismo departamento y no hay una relación supervisor-supervisada directa, el [apelante] tiene una posición privilegiada al ser un gerente con acceso a l[o]s directores de la empresa. La [apelada] es una empleada. Del propio testimonio de su esposa surge que [el apelante] amenazó a la apelada con reportarla al Departamento de Recursos Humanos. En ese sentido, quien estaba en mejor posición de cumplir sus amenazas era el [apelante]. Segundo, [el apelante] alega que tenía miedo que se descubriera que regresó con la [apelada] en enero de 2005. Si el [apelante] no hubiera regresado con la [apelada] no tendría nada que temer. La doctrina de los actos propios le impide al [apelante] invocar temor en su ánimo por una situación que él mismo provocó."*

Por último, la representación legal del [apelante] atacó la credibilidad de la [apelada] cuando alegó que regresó a la relación por miedo a las amenazas del [apelante]. Le hizo admitir que ella era adulta y responsable de sus actos. Al [apelante] le aplica el mismo criterio, es adulto y responsable de sus actos.

El Tribunal rechazó la contención del apelante de que la conducta de la apelada le estaba provocando temor. El Tribunal expresó, en torno a este particular:

*"El Tribunal duda que el [apelante] sea una víctima de maltrato. Los hechos lo que demuestran es una relación de pareja disfuncional, donde las partes no quieren aceptar las consecuencias de sus propios actos. Además, el [apelante] invocó la protección de una ley que no tiene que ver con relaciones de pareja."*

El Tribunal denegó la orden de protección solicitada por el apelante.

Insatisfecho, éste acudió ante este foro.

## II

En su recurso, el apelante plantea que el Tribunal de Primera Instancia erró al no dar credibilidad a la versión del apelante y al negarse a emitir la orden de protección solicitada. El apelante plantea que el Tribunal erró al considerar que el asunto estaba regido por la Ley Para la Prevención y la Intervención con la Violencia Doméstica y no la Ley Contra el Acecho en Puerto Rico.

La Ley Contra el Acecho en Puerto Rico, 33 L.P.R.A. secs. 4013 y ss., responde a la política pública vigente en nuestra jurisdicción de prevenir cualquier tipo de violencia que atente contra la paz, seguridad, dignidad y respeto de los ciudadanos de nuestra jurisdicción, 33 L.P.R.A. sec. 4013, nota de historial.

El estatuto provee remedios civiles y criminales contra el **acecho**. Este término significa *"una conducta*

*mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia."* 33 L.P.R.A. sec. 4013.

El estatuto castiga criminalmente a *"[t]oda persona que intencionalmente manifieste un patrón constante y repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia, podría sufrir daños, en su persona o en sus bienes; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada".* 33 L.P.R.A. sec. 4014 (Supl. 2005).

La Ley autoriza, además, la expedición de órdenes de protección a favor de cualquier persona que haya sido víctima de acecho o de conducta constitutiva del delito antes mencionado, a los fines de, entre otras cosas, ordenar a la parte peticionada abstenerse de molestar, perseguir, intimidar, amenazar a la parte peticionaria, o indemnizar a ésta por los daños ocasionados por el acecho, así como emitir cualquier otra orden necesaria para dar vigencia a la política pública promovida por la ley. 33 L.P.R.A. sec. 4015 (Supl. 2005).

El estatuto dispone que cualquier persona podrá solicitar los remedios civiles que establece la ley para sí, o a favor de cualquier otra persona cuando ésta sufra de incapacidad física o mental, se encuentre impedida de solicitar la misma o cuando se trate de un caso de emergencia. 33 L.P.R.A. sec. 5015 (Supl. 2005).

La Ley dispone que el Tribunal emitirá la orden solicitada cuando determine que *"existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho."* 33 L.P.R.A. sec. 4015 (Supl. 2005).

Se aclara que no es necesario que las personas afectadas presenten una denuncia criminal para poder solicitar y que se expida una orden de protección. 33 L.P.R.A. sec. 4023.

Las acciones civiles incoadas bajo la Ley se rigen, en todo lo que no sea inconsistente con el estatuto, por las Reglas de Procedimiento Civil. 33 L.P.R.A. sec. 4023. Similarmente, las acciones penales se rigen, en igual medida, por las Reglas de Procedimiento Criminal. 33 L.P.R.A. sec. 4024.

Los remedios establecidos por la Ley Contra el Acecho en Puerto Rico son análogos a los que provee la Ley Para la Prevención y la Intervención con la Violencia Doméstica, 8 L.P.R.A. secs. 601 y ss.

Esta última, sin embargo, sólo aplica cuando las partes son cónyuges, concubinos, han cohabitado o procreado hijos, mantienen una relación consensual o se trata de alguna otra de las relaciones cubiertas por la Ley. *Pueblo v. Ruiz Martínez*, 159 D.P.R. ___ (2003), **2003 J.T.S. 53**, a las págs. 832-833.

La Ley Contra el Acecho en Puerto Rico no requiere de la existencia de una relación similar para la expedición de una orden, sino que basta que la persona peticionada hubiera incurrido en la conducta de acecho en cuestión. *Pueblo v. Ruiz Martínez*, **2003 J.T.S. 53**, a la pág. 835, esc. 20.

Al igual que sucede con las órdenes de protección emitidas bajo la Ley Para la Prevención y la Intervención con la Violencia Doméstica, 8 L.P.R.A. sec. 628, el incumplimiento de una orden de protección emitida bajo la Ley Contra el Acecho en Puerto Rico está tipificada como delito, 33 L.P.R.A. sec. 4020.

Las resoluciones emitidas por el Tribunal de Primera Instancia en torno a este tipo de incidente son revisables ante este foro. *Pizarro v. Nicot*, 151 D.P.R. 944, 956 (2000).

En la situación de autos, según hemos visto, el Tribunal de Primera Instancia se negó a emitir la orden de protección solicitada por el apelante. El Tribunal no dio credibilidad a la versión del apelante en torno a que éste se había sentido atemorizado por la conducta de la apelada. El Tribunal observó que el apelante gozaba de una jerarquía superior a la de la apelada en la empresa donde ambos laboraban, por lo que no debía temer a las consecuencias de la relación entre ambos. El foro de Instancia consideró, además, que el apelante había optado voluntariamente por reanudar su relación con la apelada, a pesar de alegar que ésta lo había estado tratando de intimidar.

Carecemos de elementos de juicio para intervenir con dicha apreciación.

La norma, según se conoce, es que la evaluación de la prueba realizada por el juzgador de Primera Instancia merecen deferencia y que sus determinaciones no serán modificadas por el Tribunal apelativo, en ausencia de error manifiesto, pasión, prejuicio o parcialidad. *Colón y otros v. K-Mart y otros,* 154 D.P.R. 510, 520 (2001); *Rolón v. Charlie Car Rental, Inc.,* 148 D.P.R. 420, 433 (1999); *Orta v. Padilla,* 137 D.P.R. 927, 937 (1995); *Rodríguez Oyola v. Machado Díaz,* 136 D.P.R. 250, 258 (1994); *Coop. de Seguros Múltiples de P.R. v. Lugo,* 136 D.P.R. 203, 208 (1994).

Debe recordarse que, al estar en posición de recibir directamente la declaración de los testigos, el Tribunal de Primera Instancia está en una mejor posición que este Tribunal para apreciar su comunicación no verbal y para poder determinar su credibilidad. *Argüello v. Argüello,* 155 D.P.R. 62, 79 (2001); *Lopez Vicil v. ITT Intermedia, Inc.,* 142 D.P.R. 857, 864 (1997).

El apelante alega que el Tribunal de Primera Instancia erró al entender que el apelante no podía solicitar una orden de protección bajo la Ley Contra el Acecho en Puerto Rico, sino que debía presentar su solicitud bajo la Ley Para la Prevención y la Intervención contra la Violencia Doméstica.

Tratándose de un remedio de carácter civil, cuyo procedimiento resulta gobernado, en lo pertinente, por las Reglas de Procedimiento Civil, resultaba inconsecuente la forma en que la parte apelante designase su solicitud, ya que, según se conoce, el título de una alegación no es lo que determina su naturaleza. *Figueroa Ferrer v. E.L. A.,* 107 D.P.R. 250, 257-258 (1978); véase, además, José Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo I, **Publicaciones JTS**, Inc., 2000, pág. 238.

Consideramos, además, que el dictamen del Tribunal de Primera Instancia fue efectivamente inexacto al expresar que la Ley Contra el Acecho en Puerto Rico resultaba inaplicable a la presente controversia. No obstante, este error no es perjudicial, ya que, según hemos visto, el Tribunal entendió que la parte apelada no había incurrido en acecho, dentro del contexto de la ley, ya que su conducta no había estado dirigida a intimidar al apelante ni a amenazarlo y que tampoco había tenido dicho efecto.

No estamos en posición de sustituir la apreciación del Tribunal de Primera Instancia.

El apelante plantea que el Tribunal erró al no tomar en cuenta el testimonio del Sr. Daniel Burgos Torres, empleado de Destilería Serrallés, quien declaró sobre las llamadas que le hacía la apelada al apelante.

La norma, según se conoce, es que el Tribunal de Primera Instancia no está obligado a decidir de conformidad con las declaraciones de cualquier número de testigos, que no hubiesen llevado a su ánimo la convicción contra un número menor de testigos u otra evidencia que le convenciere. Véase, la Regla 10, inciso (E) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 10(E).

La Regla añade que la evidencia directa de un testigo que merezca entero crédito al Tribunal es prueba suficiente de cualquier hecho, salvo que por ley otra cosa se dispusiere. 32 L.P.R.A. Ap. IV, R. 10(D); cf., en el

contexto criminal, *Pueblo v. Chévere Heredia*, 139 D.P.R. 1, 15 (1995); *Pueblo v. Rodríguez Román*, 128 D.P.R. 121, 128 (1991).

En el presente caso, el Tribunal optó por dar credibilidad al testimonio de la apelada. No pensamos, a base de dicha prueba, que el Tribunal hubiera errado al denegar la orden de protección.

Por los fundamentos expresados, se confirma la determinación recurrida.

Lo pronunció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones