Rivera Román, Juez Ponente
*932 TEXTO COMPLETO DE LA SENTENCIA
El Municipio de Vega Baja (Municipio) presentó un recurso de certiorari para que dejemos sin efecto la resolución emitida por el Honorable Héctor Clemente Delgado, Juez de Primera Instancia, mediante la cual declaró no ha lugar a la "Moción Solicitando se Deje sin Efecto Sanciones y Conversión de Vista" presentada por el Municipio.
La controversia medular que debemos atender se circunscribe al siguiente cuestionamiento: ¿Se excedió el Tribunal de Primera Instancia en su discreción de imponer sanciones, al anotar rebeldía y eliminar las alegaciones del Municipio; o por el contrario, esa acción fue consecuente con el incumplimiento reiterado del Municipio con las órdenes del Tribunal?
I
La compañía López Brothers Construction, Inc. (Corporación), presentó el 3 de junio del 2005 una demanda por incumplimiento de contrato, daños y perjuicios contra el Municipio. La Corporación emplazó al Municipio el 6 de junio de 2005. Un mes más tarde, la Corporación solicitó que se le anotara la rebeldía al Municipio.
El Tribunal de Instancia denegó la solicitud de anotación de rebeldía mediante resolución de 15 de julio del 2005, porque no se había completado el término de 60 días que tienen los Municipios para contestar la demanda.
Tres meses después de haber sido emplazado, específicamente el 12 de septiembre de 2005, el Municipio solicitó una prórroga para contestar la demanda. El foro de instancia le concedió 30 días de prórroga para que sometiera su alegación responsiva. El Municipio incumplió por segunda vez con la orden del tribunal.
La Corporación presentó una segunda solicitud de anotación de rebeldía. Ésta fue nuevamente denegada por el Tribunal de Instancia. El 17 de noviembre del 2005, la Corporación sometió una "Tercera Moción en Solicitud de Anotación de Rebeldía", pues habían transcurrido cinco meses desde el emplazamiento y el Municipio no había presentado su contestación a la demanda.
Ante los repetidos incumplimientos, la Secretaría del Tribunal de Instancia le anotó la rebeldía al Municipio el 29 de noviembre del 2005. Dicha orden fue notificada el 12 de diciembre del 2005 al Ledo. Rafael Rivera Rivera, representante legal de la Corporación; al Ledo. José R. Reyes García, abogado del Municipio y al Municipio. El Juez de Instancia pautó el juicio en rebeldía para el 21 de febrero de 2006. La orden le fue notificada a ambos representantes legales y al Municipio.
*933 En la vista en rebeldía, a la cual acudieron los representantes legales de ambas partes, el foro de instancia decidió dejar sin efecto la rebeldía y concedió al Municipio 10 días adicionales para someter su alegación responsiva. Además, le impuso una sanción económica de $1,000 al abogado del Municipio, Ledo. Reyes García, a favor de la Corporación, por no haber contestado la demanda. Se le concedieron 30 días para consignar la sanción ante el tribunal. También, el foro de instancia señaló una conferencia con antelación al juicio para el 22 de agosto del 2006. El Municipio sometió su contestación a la demanda el 9 de marzo del 2006.
Nuevamente, el Municipio incumplió con las órdenes del Tribunal y no preparó su parte del Informe de Conferencia con Antelación al Juicio. Tampoco su abogado consignó el pago de la sanción. El 22 de agosto del 2006, día señalado para la Conferencia con Antelación al Juicio, el abogado del Municipio no compareció al Tribunal y sólo estuvo presente la representación legal de la Corporación. El Tribunal de Instancia impuso una orden de mostrar causa al abogado del Municipio para que, en un término de 5 días, expusiera las razones por las cuales no se le debía imponer sanciones adicionales por su nuevo incumplimiento y su incomparecencia a la Conferencia con Antelación al Juicio. Dentro de ese término, también se le ordenó consignar la sanción de $1,000 impuesta el 21 de febrero del 2006. Se señaló nueva Conferencia con Antelación al Juicio para el 9 de octubre del 2006.
La minuta alusiva a los incidentes de esta última audiencia, el 22 de agosto del 2006, incluyó una advertencia al Municipio de que si no se cumplía con las órdenes, se pagaban las sanciones y se sometía su parte del Informe de Conferencia, el foro de instancia le anotaría la rebeldía y también eliminaría las alegaciones. Esta minuta fue notificada al Municipio y a su representante legal, el 29 de agosto del 2006.
La segunda Conferencia con Antelación al Juicio se llevó a cabo el 9 de octubre del 2006. A la misma, sólo asistió el abogado de la Corporación. Nuevamente, la representación legal del Municipio no compareció ni sometió su parte del Informe de Conferencia.
El Tribunal de Instancia, tal y como había apercibido al Municipio, le anotó la rebeldía y ordenó eliminar las alegaciones. El tribunal señaló vista en rebeldía para el 10 de diciembre del 2006. La minuta y resolución de 19 de octubre de 2006 le fue notificada a ambas representaciones legales y al Municipio. A pesar de ser notificados de la acción tomada por el tribunal, el Municipio no solicitó reconsideración ante el Tribunal de Primera Instancia ni presentó un recurso de certiorari ante este tribunal.
El juicio en rebeldía inició el 10 de noviembre del 2006 y asistió el Ledo. José R. Reyes García en representación del Municipio y el Ledo. Rafael A. Rivera Rivera, abogado de la corporación. El Ledo. Reyes solicitó oralmente que se reconsideraran las órdenes y sanciones dictadas previamente por el tribunal. El foro de instancia denegó la solicitud y señaló el patrón de incumplimiento del abogado y del Municipio con las órdenes del Tribunal. También le concedió cinco días al abogado del Municipio para que consignara las sanciones impuestas desde el 21 de febrero del 2006. El Municipio no incoó recurso de certiorari contra la determinación, a pesar de que era la segunda ocasión en que se incluyó la adjudicación del asunto en minutas.
Se inició el desfile de prueba testifical y documental y el Tribunal pautó la continuación de la vista en rebeldía para el 31 de enero del 2007.
Durante la continuación de la vista en rebeldía el 31 de enero de 2007, el Ledo. Reyes García compareció acompañado por el Ledo. Miguel A. Romero Lugo. El licenciado Reyes le manifestó al tribunal que se encontraba indispuesto para ver el caso porque se encontraba mal física y mentalmente. Por lo cual, le solicitó al Tribunal de Instancia un término de 30 días y trabajar en relación a una posible transacción. El foro de instancia concedió hasta el 28 de febrero del 2007 para que se le informara si se había materializado la transacción. De no llegarse a un acuerdo transaccional quedó pautada la continuación de la vista en rebeldía *934 para el 9 de marzo del 2007.
El día antes de la audiencia el licenciado Reyes García presentó una "Moción de Relevo de Representación Legal y Solicitando Suspensión de Vista". El Tribunal de Instancia acogió la moción sometida por el abogado del Municipio y le concedió a la entidad 30 días para notificar su nueva representación legal. También, señaló la continuación de la vista en rebeldía para el 14 de junio del 2007 y dejó sin efecto el señalamiento de 9 de marzo del 2007. Esta orden le fue notificada el 4 de abril del 2007 a ambas representaciones legales y al Municipio.
Una nueva representación legal del Municipio compareció ante el foro de instancia mediante dos mociones el 21 de mayo de 2007, a saber: (1) Moción Asumiendo Representación Legal, y (2) Moción Solicitando se Dejen sin Efecto Sanciones y Conversión de Vista. El propósito de la segunda moción era convertir la vista en rebeldía pautada para el 14 de junio del 2007 en una vista sobre el estado de los procedimientos.
El Tribunal de Instancia aceptó la nueva representante legal del Municipio, el 25 de mayo del 2007. También, en esa fecha, el tribunal dejó sin efecto la continuación de la vista en rebeldía y le otorgó tiempo a la Corporación para que se expresara en tomo a la solicitud del Municipio de que se levantara la anotación de rebeldía y se dejara sin efecto la eliminación de las alegaciones. La Corporación sometió un escrito de oposición a la moción presentada por el Municipio, el 19 de junio del 2007.
Mediante resolución de 3 de julio del 2007, el Tribunal de Instancia reiteró su posición de mantener la anotación de rebeldía, la eliminación de las alegaciones y señaló la continuación de la vista en rebeldía para el 28 de diciembre del 2007. Teniendo el beneficio de la comparecencia de ambas partes, procedemos a resolver.
II. Derecho Aplicable
A. Sanciones, mecanismos procesales y la discreción judicial
Las sanciones son un mecanismo procesal que permite a los tribunales imponer su jurisdicción, autoridad, pronunciamientos u órdenes. Se trata de lograr un balance entre el propósito de promover la solución justa, rápida y económica de los casos y la oportunidad de que las controversias legales se puedan atender en sus méritos. En ese sentido, el poder inherente de los tribunales para imponer sanciones permite flexibilidad para escoger la sanción y ajustarla a los hechos y al propósito que se persigue. Rafael Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, Lexis Nexis de Puerto Rico, 2007, pág. 182. Esto implica que los hechos aplicables a cada controversia en particular definirán la clase de sanción que el tribunal le impondrá a la parte que esté incumpliendo con sus órdenes y procedimientos.
Las sanciones se pueden agrupar en dos grandes grupos: (1) las sanciones que requieren discreción judicial, y (2) las sanciones que no requieren discreción judicial, porque son parte de las consecuencias procesales. Rafael Hernández Colón, op. cit, pág. 181. La controversia de este caso está inmersa dentro de los dos grupos de sanciones. Por un lado, tenemos la anotación de rebeldía, que cae en el segundo grupo, ya que ésta es el resultado procesal de la inacción de la parte demandante al no someter su alegación responsiva. Mientras, por otro lado, tenemos la eliminación de las alegaciones, que recaería en el primer grupo, porque la discreción judicial y los hechos suscitados en el curso del proceso son determinantes y medulares al decidir imponer la misma u optar por una sanción menos drástica.
El poder de los tribunales para sancionar surge del Art. 2.014 de la Ley de la Judicatura, según enmendada; de las Reglas 9, 27.9, 34, 36.7, 37, 39, 40, 44, 45 y 53 de Procedimiento Civil, de la Regla 11 de administración del Tribunal de Primera Instancia, de la Regla 85 del Reglamento del Tribunal Apelativo, y de la Regla 49 del Reglamento del Tribunal Supremo. Rafael Hernández Colón, op.cit, pág. 182. Esta autoridad para imponer sanciones, que le confiere esta reglamentación y legislación, permite que el tribunal pueda cumplir con su *935 función constitucional de interpretar las leyes y solucionar las controversias planteadas ante su consideración. De toda esta normativa, la que con mayor amplitud le otorga a los tribunales la facultad judicial para aplicar sanciones son las disposiciones contenidas en las Reglas de Procedimiento Civil. Dos de esas disposiciones son las pertinentes para resolver la controversia que tenemos ante nosotros. Éstas son las Reglas 37.3 y 45.1 de Procedimiento Civil.
Las Reglas de Procedimiento Civil le conceden discreción al Tribunal de Instancia para eliminar las alegaciones o desestimar una demanda como sanción por la falta de cumplimiento con sus órdenes. Específicamente, estas Reglas disponen que:
“[sji una parte dejare de comparecer, se negare a participar o compareciere sin estar debidamente preparada a una conferencia preliminar al juicio o ala conferencia entre abogados, o incumpliere cualquier orden del tribunal, éste podrá desestimar la demanda, eliminar las alegaciones del demandado, condenar al pago de costas y honorarios de abogado o dictar cualquier otra orden que fuere justa.” Regla 37.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. ni.
Esta Regla, según el tratadista Cuevas Segarra, tiene el saludable propósito de evitar indebidas dilaciones en las disposiciones de los asuntos, así como la acumulación excesiva de casos en los calendarios de los tribunales. José Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., 2000, Tomo I, pág. 629. En otras palabras, esta regla viabiliza el que se pueda dar cumplimiento a la premisa central de las Reglas de Procedimiento Civil, que es garantizar que las controversias se puedan resolver de forma justa, rápida y económica.
También, las Reglas de Procedimiento Civil imponen la rebeldía como mecanismo procesal para dilucidar en tiempo razonable los casos. La rebeldía es una consecuencia o resultado procesal que tiene que asumir la parte que no ha ejercitado su derecho a defenderse o no ha cumplido con un deber procesal. Este instrumento procesal puede ser impuesto por el tribunal por diversas razones: (1) no comparecer, (2) no alegar dentro del término concedido por ley, (3) negarse a descubrir prueba, o (4) incumplir una orden del tribunal. En definitiva, nuestras Reglas Procesales permiten la anotación de dos tipos de rebeldía, la que resulta de la incomparecencia o la que se impone como sanción al incumplimiento de alguna orden del tribunal. Concretamente, las Reglas establecen lo siguiente:
“Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía. El tribunal, a iniciativa propia o moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2, b.3. Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2, b. La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía. ” Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. ni.
El tratadista Cuevas Segarra plantea que la premisa inarticulada detrás de estar sujeto a una anotación de rebeldía es disuadir a aquéllos que pueden recurrir a la dilación como un elemento de su estrategia en la litigación. José Cuevas Segarra, op.cit., pág. 750.
En este momento, es necesario cuestionarse: ¿la discreción y autoridad judicial para imponer sanciones es ilimitada; o por el contrario, existen parámetros que le sirven de guía al tribunal para imponerlas? Veamos.
En nuestro ordenamiento jurídico se favorece el que los casos se ventilen en sus méritos. Rivera et. al. v. Superior Pkg., Inc. et. al., 132 D.P.R. 115, 124 (1992); Mercado v. Panther’s Military Soc., Inc., 125 D.P.R. 98, 105(1990). En armonía con ese planteamiento, se ha establecido que aunque el propósito de la rebeldía es no *936 postergar por tiempo indefinido un caso y que se diluciden en tiempo razonable, también es principio rector en nuestro ordenamiento la máxima jurídica de que los litigios se resuelvan en sus méritos y que ninguna parte tiene derecho a que su caso dure eternamente. Fine Art. Wallpaper v. Wolf, 102 D.P.R. 451, 458 (1974). Sin embargo, ese interés de que los casos se vean en sus méritos no debe prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre. Dávila v. Hospital. San Miguel, Inc., 117 D.P.R. 807, 814 (1986).
Las Reglas de Procedimiento Civil, como hemos mencionado, permiten la imposición de sanciones que podrían llegar hasta la eliminación de las alegaciones a aquella parte que no cumpla con las órdenes del tribunal. Esto requiere una debida ponderación y balance de la sanción que se va aplicar en relación con los hechos suscitados en la controversia. Sobre el particular, el Tribunal Supremo de Puerto Rico ha establecido que no hay duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte en situaciones apropiadas. Ese proceder, sin embargo, se debe ejercer juiciosamente. Maldonado Ortiz v. Secretario de Recursos Naturales, 113 D.P.R. 494, 498 (1982). En definitiva, al imponer sanciones severas, que puedan resultar en la violación del derecho que tienen los litigantes a que su caso sea visto en sus méritos, se deben considerar los siguientes factores:
“(I) la política que favorece la adjudicación del litigio en su fondo; (2) la política que fomenta la disposición justa, rápida y económica del caso; (3) el grado al cual la parte a ser sancionada actuó deliberadamente y supo o debió haber sabido las consecuencias de sus actos; (4) el grado de responsabilidad de la parte como tal en la acción que se va a sancionar; (5) los méritos y la importancia de la reclamación; (6) el impacto sobre otras partes y sobre el interés público; y (7) la disponibilidad de sanciones menos severas para alcanzar el mismo propósito. ” Rafael Hernández Colón, op.cit, pág. 187-188; Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674-675 (1989).
De forma más concreta, el Tribunal Supremo establece el análisis que debe seguir el foro de instancia al momento de imponer sanciones severas. Señala nuestro máximo tribunal que:
"[pjlanteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. ” Maldonado Ortiz v. Secretario de Recursos Naturales, supra, pág. 498.
El Tribunal debe asegurarse de que la parte, a la cual se le va imponer las sanciones, no tiene interés en la tramitación de su caso y esta acción está afectando la administración de la justicia. En ese sentido, nuestro foro de última instancia ha manifestado que el barómetro para imponer la sanción de eliminar las alegaciones de una parte u otra igualmente severa, debe fundamentarse en la irresponsabilidad y contumacia de la parte contra quien se toman tan drásticas medidas. Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042, 1051-1052 (1993).
La pregunta necesaria es: ¿qué es contumacia o contumaz?. Es contumaz el que es rebelde, el que no se presenta ni comparece al Tribunal. Ignacio Rivera García, Diccionario de Términos Jurídicos, San Juan, Lexis Publishing, 2000, pág. 55. En ese sentido, se debe uno cuestionar ¿debe responder un litigante por la irresponsabilidad y contumacia de su representante legal? Por regla general y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado. Hernán Tenorio v. Hospital Dr. Pila, 159 D.P.R. 777 (2003); Díaz v. Tribunal Superior, 93 D.P.R. 79, 88 (1966). Sin embargo, como hemos mencionado, *937 el análisis judicial puede variar y estar matizado por las circunstancias de cada caso y por el conocimiento o no del litigante respecto a lo que está aconteciendo con la tramitación de su caso.
B. Doctrina de Deferencia Judicial
La doctrina de deferencia judicial es el principio bajo el cual los tribunales de una jurisdicción dan eficacia y cumplimiento a las leyes y decisiones de otra por pura deferencia, respeto y no por obligación. Ignacio Rivera García, op. cit, pág. 63. Respecto a esta doctrina jurisprudencial, el Tribunal Supremo ha establecido claramente que los foros apelativos sólo intervendrán con la apreciación de la prueba que haga el Tribunal de Instancia, cuando se demuestre que la intervención del juzgador sobre los hechos en controversia se encuentra viciada por pasión, prejuicio, parcialidad o error manifiesto. Trinidad v. Chade, 153 D.P.R. 280, 291 (2001); Belk v. Martínez, 146 D.P.R. 215, 218 (1998).
Esta deferencia judicial al foro de instancia es producto del hecho de que los juzgadores de primera instancia se encuentran en mejor posición de aquilatar la prueba testifical, observar el comportamiento de los testigos mientras declaran y adjudicar la credibilidad que merezcan. Arguello López v. Arguello García, 155 D.P.R. 62, 79 (2001); Orta v. Padilla, 137 D.P.R. 927, 937 (1995); Monllor Arbola v. Sociedad Legal de Gananciales, 138 D.P.R. 600, 610 (1995).
La aplicabilidad de esta doctrina de deferencia judicial también tiene inherencia en el ámbito de la imposición de sanciones. Sobre el particular, el tratadista Cuevas Segarra menciona que las sanciones que deban imponerse son asunto discrecional y se evaluarán a la luz de la totalidad de las circunstancias. No debe dejarse sin efecto en alzada, a menos que se demuestre un abuso de discreción. José Cuevas Segarra, op.cit., pág. 629. Esta apreciación es, sin duda aplicable a cualquier parte, incluyendo al Estado como a los municipios. Schwartzman v. ACF industries Inc., 167 F.R.D. 694 (1996).
III
Los planteamientos principales que sugiere el Municipio, a través de su recurso de certiorari, son los siguientes: (1) el Municipio desconocía las irregularidades en la tramitación de su caso, por lo cual no debe responder por los incumplimientos de su abogado; (2) la condición mental y física de su abogado provocó los incumplimientos procesales; (3) sostener la determinación del Tribunal de Primera Instancia provocaría la pérdida de fondos públicos. Ninguno de estos argumentos encuentra apoyo en el expediente. Veamos.
El Municipio expone que desconocía de las irregularidades procesales en su caso. Sin embargo, cuando revisamos el expediente nos percatamos de que el Municipio fue notificado y que el Tribunal de Instancia le concedió innumerables oportunidades para atender dichos incumplimientos procesales. Recapitulemos las diversas ocasiones en que ambos, el Municipio y su representante legal, fueron notificados de sus violaciones procesales: (1) el 12 de diciembre del 2005, luego de concederle e incumplir con la prórroga que había solicitado para contestar la demanda, se le notificó la anotación de rebeldía; (2) el 29 de agosto del 2006, el día de la Conferencia con Antelación al Juicio, se le notificó que si no pagaba las sanciones y no sometía su parte del Informe de Conferencia, se le anotaría la rebeldía y se le eliminarían las alegaciones; (3) el 19 de octubre del 2006, se le comunicó que se le había anotado la rebeldía, eliminado las alegaciones; y se le notifica la fecha de la vista en rebeldía; (4) el 4 de abril del 2007, se le indicó la fecha de la continuación de la vista en rebeldía.
El Tribunal de Primera Instancia le concedió múltiples oportunidades al Municipio antes de tomar la decisión de anotar la rebeldía y eliminarle las alegaciones. Recordemos algunos de esos incidentes: (1) denegó la rebeldía inicialmente solicitada; (2) otorgó prórroga para presentar su alegación responsiva; (3) se le permitió someter su alegación responsiva, luego de incumplir con el término de prórroga concedido; (4) accedió a levantarle la primera anotación de rebeldía; (5) se le impusieron sanciones a su abogado; (6) se le advirtió, a través de la minuta del 22 de agosto del 2006, que si incumplía nuevamente se le anotaría la rebeldía y se le *938 eliminarían las alegaciones; (7) se le anotó la rebeldía y se le eliminaron las alegaciones, aproximadamente un año y medio después de haberse presentado la demanda.
Indudablemente, el Municipio conocía de las irregularidades procesales de su caso y nada hizo. El Ledo. José R. Reyes García era empleado del Municipio, específicamente era Director de la División Legal. Por su posición, sin duda, tenía que tener contacto con el Alcalde. Además, el foro de instancia en todo momento le notificó directamente al Municipio el trámite accidentado del caso.
El Tribunal Supremo estableció, como norma general, que se le imputa a todo litigante que escoge libremente a su abogado las consecuencias de los actos y omisiones provocadas por éste. Además, se le atribuye que ha tenido aviso de los hechos y actos que le informaron a su abogado. Lo único que variaría esta apreciación general sería: (1) los hechos particulares del caso, (2) que no se le haya notificado al litigante, (3) que no se le haya impuesto inicialmente una sanción al abogado de la parte, y (4) que al sopesar la política de adjudicar los litigios en su fondo con la política que fomenta la disposición justa, rápida y económica de los casos, prevalezca la primera. Es importante mencionar que los hechos particulares del caso deben ser tan impactantes como los acaecidos en el caso de Maldonado Ortiz v. Secretario, supra, donde el abogado de la parte certificó su falta de diligencia y que el litigante nunca tuvo conocimiento de las anomalías procesales. Obviamente, este caso es perfectamente distinguible del caso ante nuestra consideración. El Municipio siempre estuvo notificado de las ocurrencias de su caso, originalmente se le impuso una sanción económica al abogado y su representante legal nunca invocó ser incompetente para atender el caso antes de que iniciara el juicio en rebeldía. En el balance de políticas, debe prevalecer la premisa de la disposición rápida de los casos. El Juez de Instancia tomó todas las medidas a su alcance para que el Municipio conociera lo que ocurría con su caso. No fue el desconocimiento sino su inacción y contumacia los que provocaron retrasos e inconvenientes en el calendario del foro de instancia. La Corporación siempre cumplió con los procedimientos judiciales y no debemos penalizarla por una conducta enteramente atribuible a la parte contraria.
El otro planteamiento que presenta el Municipio es que el abogado no fue diligente porque tenía problemas mentales y físicos. Ese argumento se expuso casi dos años después de presentada la demanda y se fundamentó en una expresión del abogado en medio del juicio. El propio expediente contradice tal alegación. Sobre este extremo es particularmente revelador lo consignado en la minuta del primer día del juicio, el 11 de diciembre de 2006. En esa ocasión, el Ledo. Reyes justificó su incumplimiento y solicitó reconsideración a la anotación de rebeldía y eliminación de las alegaciones a base de que "manifestó que es asesor de todas las dependencias del Municipio, en todos los casos de expropiación". Además, indicó que se hizo cargo de las "Fiestas de Pueblo de Vega Baja". La pretendida excusa, informada en Corte abierta, más bien se relaciona con exceso de trabajo de una persona a quien se le delegan diversas funciones, que pueden ser todas importantes, pero no justifican el incumplimiento con el Tribunal.
En cualquier caso, la resolución de anotar la rebeldía y eliminar las alegaciones fue incorporada en la minuta de 9 de octubre de 2006. El Municipio no recurrió en alzada contra la determinación. Al inicio del juicio, el Ledo. Reyes solicitó en Corte abierta que se dejara sin efecto la anotación de rebeldía y la eliminación de las alegaciones el 11 de diciembre de 2006. El Tribunal denegó la solicitud. El Municipio no recurrió contra la resolución por segunda ocasión. Una vez más, la inacción e incumplimiento del Municipio le impide reformular su petición.
Finalmente, el Municipio expone que el mantener la decisión del foro de instancia tendrá un impacto en los fondos públicos. Cabe preguntarse: ¿cuál fue la preocupación del Tribunal de Primera Instancia cuando le notificó las anomalías procesales de su caso? La respuesta es sencilla. Precisamente, porque eran fondos públicos el Tribunal quiso informar a quienes tienen la encomienda de administrarlos. La casuística mencionada por el Municipio para fundamentar su punto no es congruente con la controversia que se está atendiendo. Esos casos atienden controversias sobre los desembolsos indebidos e ilegales de fondos públicos, producto de *939 procedimientos o cláusulas contractuales que contravienen el orden público, y que se realizaron sin observar las normas y prácticas usuales que se siguen en los contratos públicos. Esto es distinguible de la controversia que hoy atendemos.
Además, es importante mencionar que las Reglas de Procedimiento Civil establecen que no se dictará sentencia en rebeldía en contra del Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades ni contra un funcionario en su carácter oficial, a menos que el reclamante pruebe, a satisfacción del tribunal, su reclamación o derecho al remedio que solicita. Regla 45.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. En ese sentido, el Municipio puede estar tranquilo porque el desembolso de fondos públicos sólo se podrá conceder si la Corporación demuestra a satisfacción del Tribunal que tiene razón en su reclamo. En ese procedimiento, el abogado del Municipio podrá participar con las limitaciones que le impone el ordenamiento legal a una parte que, por su inacción, permitió que le anotaran la rebeldía y le eliminaran las alegaciones.
IV. Conclusión
Por los fundamentos antes expuestos, se expide el auto de certiorari y se confirma la decisión. El Tribunal de Primera Instancia no se excedió en su discreción de imponer sanciones, al anotarle rebeldía y eliminarle las alegaciones al Municipio. Por el contrario, esa acción fue consecuente con la conducta procesal de incumplimiento de las órdenes del Tribunal por el Municipio.
Así lo pronunció el Tribunal y lo certifica la Secretaria.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones