Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ASOCIACIÓN DE RESIDENTES SAN GERARDO, INC.<br><br>Apelada<br><br>v.<br><br>BRUNILDA PADILLA MARRERO<br><br>Apelante | TA2025AP00438 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2025CV01829<br><br>Sobre: Cobro de Dinero, Regla 60 |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Brunilda Padilla Marrero (señora Padilla Marrero o apelante) mediante el recurso de apelación de epígrafe y nos solicita que revoquemos la *Sentencia Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 12 de septiembre de 2025, notificada ese mismo día. Mediante este dictamen, el foro primario declaró *Ha Lugar* a la demanda instada por la Asociación de Residentes de San Gerardo, Inc. (San Gerardo o parte apelada) al amparo de la Regla 60 de las de Procedimiento Civil, 32 LPRA AP V., R. 60. En su consecuencia, condenó a la apelante al pago de $5,548.48, más el interés legal del 8.50% a partir de dictada la sentencia; así como las costas.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia Enmendada* apelada.

### I.

El 6 de marzo de 2025, San Gerardo instó una *Demanda* sobre cobro de dinero bajo el procedimiento sumario de la Regla 60, *supra*.

En esencia, se alegó que la apelante es dueña del inmueble sito en la Calle Atlanta 1572 de la Urbanización San Gerardo, ubicada en el municipio de San Juan, la cual cuenta con control de acceso. Dicha propiedad se encuentra dentro de la zona que el municipio ordenó cerrar y fue adquirida por la señora Padilla Marrero, posterior a la implementación del control de acceso. Por lo que, se señaló que esta viene obligada al pago de la cuota establecida para el mantenimiento de las áreas comunales y el control de acceso.

Se adujo, además, que la señora Padilla Marrero adeudaba $4,734.94 por cuotas vencidas y no pagadas, intereses y penalidades, más otras partidas detalladas en la demanda para el periodo que comprende desde el 2 de marzo de 2016 al 13 de febrero de 2025. Deuda que está vencida, es líquida, exigible y aumenta a razón de $31 mensuales. Esto, según permitido por la Ley núm. 107 del 13 de agosto de 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", 21 LPRA sec. 7001 *et seq.,* Resoluciones emitidas por el municipio de San Juan y el Reglamento de la Urbanización de los que surge la facultad de la Asociación para exigir el cobro de dinero por concepto de cuotas de instalación, operación y mantenimiento del control de acceso.

Así, San Gerardo solicitó al TPI que declarara *Con Lugar* a la demanda y; en consecuencia, ordenara el pago de lo adeudado con los incrementos que correspondan, y el pago del interés legal desde la presentación de la demanda hasta el pago total de la misma; así como costas y honorarios de abogado.[1]

Luego de varios incidentes procesales, innecesarios pormenorizar, el 16 de abril de 2025, se celebró la vista de Regla 60. Durante la misma, la parte apelante indicó que sometería una reconvención y comunicó la posibilidad de presentar una moción de

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.

desestimación. A su vez, el TPI le concedió el término de quince (15) días para presentar su escrito. Por otro lado, se recalendarizó la Vista de Regla 60 para el 11 de junio de 2025.[2]

El 20 de mayo de 2025, San Gerardo presentó una *Moción para Anotación de Rebeldía y Sentencia en Rebeldía ante Incumplimiento de Orden.*[3] En esta, arguyó que la señora Padilla Marrero incumplió con la orden del tribunal habiendo transcurrido el término ordenado por el foro primario sin la presentación del escrito. Por lo tanto, solicitó la anotación de la rebeldía y; en consecuencia, que se dictara sentencia en rebeldía declarando *Ha Lugar* a la demanda.

El día siguiente, 21 de mayo, el foro primario emitió una *Orden* determinando que la referida moción se atendería el día de la vista.

El 3 de junio de 2025, la señora Padilla Marrero presentó un escrito intitulado *Moción de Desestimación.*[4] Mediante dicho petitorio, argumentó que San Gerardo no tenía derecho a remedio alguno, ello al amparo de la Regla 10.2 (5) de las de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2(5). En esencia, fundamentó su solicitud desestimatoria en que: (1) no se incluyó en la demanda una alegación respecto a que la Calle Atlanta, en la que ubica el inmueble de la señora Padilla Marrero, está dentro de la zona cubierta por el cierre autorizado, por lo que, no se estableció que ella estuviera obligada al pago de cuotas de mantenimiento; (2) que la apelante vivía con sus padres y, desde la constitución del cierre, su familia estuvo opuesta a dicho cierre, aunque posteriormente le fuera transferida la finca a ella; y (3) la deuda estaba prescrita.

---

[2] SUMAC TPI, Entrada núm. 9.
[3] SUMAC TPI, Entrada núm. 10
[4] SUMAC TPI, Entrada núm. 12.

Ese mismo día, 3 de junio, el TPI emitió una *Orden* en la que estableció que el petitorio desestimatorio se atendería el día de la vista.[5]

El 11 de junio de 2025, se llevó a cabo la vista de Regla 60, antes citada, mediante videoconferencia. Surge de la *Minuta* que a la vista comparecieron los representantes legales de las partes.[6] Asimismo, se detalla que el TPI escuchó el testimonio de la Sra. Leslie Rodríguez, testigo de la parte apelada, y se presentó como prueba documental la siguiente:

> Exhibit 1. Contrato de Servicios ERS Housing Administration Services, Inc.
> Exhibit 2. Certificación Registral.
> Exhibit 3. Estado de Cuenta de Brunilda Padilla Marrero.
> Exhibit 4. Ordenanza Municipal para el cierre.
> Exhibit 5. Acuse de Recibo número 9171999999-17038007140886 del 18 abril 2018.
> Exhibit 6. Acuse de Recibo número 9489009000-276456563102 del 22 de junio de 2023.
> Exhibit 7. Reglamento de la Asociación de Residentes de San Gerardo, Inc.

A su vez, de la *Minuta* surge que el foro apelado tomó conocimiento judicial del caso KAC2016-0548. También se indica que el TPI, luego de evaluado el antedicho testimonio y la evidencia presentada, declaró *Con Lugar* a la causa de acción y expresó que dictará Sentencia.

El 8 de julio de 2025, el TPI dictó la *Sentencia* declarando *Ha Lugar* a la demanda por cobro de dinero.[7]

Inconforme, el 22 de julio de 2025, la señora Padilla Marrero presentó un escrito intitulado *Moción de Reconsideración Solicitud de Determinaciones de Hechos Dicionales* [sic].[8] A través de esta, reiteró que, a su entender, San Gerardo no demostró que la Calle Atlanta estuviera incluida dentro del área del cierre aprobado por el municipio de San Juan. Tampoco se demostró ni presentó evidencia de que la señora Padilla Marrero estuviese obligada al pago de las

---

[5] SUMAC TPI, Entrada núm. 13.
[6] SUMAC TPI, Entrada núm. 16.
[7] SUMAC TPI, Entrada núm. 17.
[8] SUMAC TPI, Entrada núm. 18.

cuotas de mantenimiento. Por lo que, solicitó la corrección de determinaciones de hechos esbozadas en la *Sentencia.* Señaló que se le violentó el debido proceso de ley, primero, al no considerar la moción de desestimación presentada y, segundo, de llevar a cabo la vista sin la presencia de la señora Padilla Marrero. Esto último, al entender que en la vista del 11 de junio de 2025 se discutiría solamente la moción de desestimación que esta instó. Añadió que, conforme con su alegación de que la propiedad de señora Padilla Marrero está fuera del área sobre la cual se decretó el cierre por parte del municipio de San Juan, y por ser este un hecho esencial a la causa de acción en controversia, el proceso no podía continuar como uno sumario.

En respuesta, San Gerardo replicó a la solicitud de reconsideración y, en esencia, esbozó que el TPI tomó conocimiento judicial de lo resuelto en el caso KMC2016-0548.[9] Ello, luego de que la parte demandante le colocara en posición para adquirir conocimiento judicial. Al así hacerlo, según adujo San Gerardo, se hacía constar el reconocimiento por la señora Padilla Marrero sobre su obligación con el pago de cuotas de mantenimiento. Por otro lado, se indicó que, del testimonio ofrecido en la vista, surge que la Calle Atlanta se encuentra dentro de la zona de cierre y, que dicho testimonio fue contrainterrogado por el abogado de la señora Padilla Marrero, pero no sobre esa declaración específica ni presentó evidencia en contrario. Así, advirtió al TPI que de ser necesarias determinaciones de hechos adicionales sería "para incluir lo establecido en la Sentencia del caso KAC2016-0548, donde la parte demandada [aquí apelante] se obligó a pagar las cuotas de mantenimiento de la Urbanización San Gerardo."

---

[9] SUMAC TPI, Entrada núm. 22.

Evaluados ambos escritos, mediante una *Resolución Interlocutoria,* del 12 de septiembre de 2025, el TPI declaró *Ha Lugar* a la moción y ese mismo día emitió la *Sentencia Enmendada* apelada en la que la juzgadora hizo constar que enmendaba la *Sentencia* dictada el 8 de julio de 2025 "para modificar el trasfondo procesal del caso e incluir una determinación de hechos."[10]

Allí, el foro primario esbozó ocho (8) determinaciones de hechos incontrovertidas[11] y a base de estas, declaró *Ha Lugar* a la demanda instada por San Gerardo al palio de la Regla 60 de las de Procedimiento Civil y; en su consecuencia, condenó a la apelante al pago de $5,548.48 más el interés legal del 8.50% a partir que se dictó la sentencia, así como las costas.

El foro *a quo* razonó que:[12]

> De la prueba presentada, surge que la Parte Demandada es propietaria de una residencia que ubica dentro de los predios autorizados para establecer un control de acceso conforme autorizado por el Municipio Autónomo de San Juan. La Parte Demandada alega que la Parte Demandante no pudo probar que la calle Atlanta, se encuentra incluida dentro de la zona autorizada para el cierre. No obstante, del testimonio de la testigo presentada, la cual nos merece total credibilidad, así como de la prueba admitida como evidencia, quedamos convencidos que la Parte Demandada es una propietaria adquirente de una finca ubicada en una urbanización para la cual se ha autorizó el cierre y control de acceso conforme a la ley aplicable. Además, resulta persuasivo, y tomamos conocimiento judicial, que en el caso K CM2016-0548 (Asociación de Residentes San Gerardo, Inc. v. Brunilda Padilla Marrero y otros), la Parte Demandada aceptó una deuda por igual concepto que en el presente caso y se comprometió a cumplir con un acuerdo de pago, además de continuar el pago de cuotas de mantenimiento durante la vigencia del acuerdo.
>
> De la prueba presentada y creída por el tribunal, surge que desde abril de 2016 la Parte Demandada ha incumplido con su obligación de satisfacer la cuota mensual de $31.00. Al día de hoy, la deuda acumulada asciende a $5,548.48, incluyendo recargos e intereses. Esta deuda le fue reclamada extrajudicialmente mediante comunicación escrita el 22 de junio de 2023. En conclusión, conforme la prueba presentada y el derecho aplicable, la deuda reclamada es una líquida, vencida y exigible.

---

[10] SUMAC TPI, Entradas núms. 23 y 24, a la pág. 5.
[11] SUMAC TPI, Entrada núm. 24, págs. 1-2.
[12] SUMAC TPI, Entrada núm. 24, págs. 4-5

Aun en desacuerdo, la señora Padilla Marrero acude ante esta *Curia* imputándole al tribunal primario haber incurrido en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CONVERTIR EL PROCEDIMIENTO EN UN PROCEDIMIENTO ORDINARIO.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR LA MOCIÓN DE DESESTIMACIÓN PREVIO A LA CELEBRACIÓN DE LA VISTA EN LOS MÉRITOS DEL CASO.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CELEBRAR LA VISTA SIN LA PRESENCIA DE LA PARTE DEMANDADA-APELANTE, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY Y SIN LA PRESENCIA DE LA PARTE DEMANDANTE-APELADA.

El 16 de octubre de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término de treinta (30) días para presentar su alegato en oposición. El 15 de noviembre siguiente, San Gerardo presentó un escrito intitulado *Alegato de la Parte Apelada.* Así, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

**La Regla 60 de las de Procedimiento Civil**

La Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil ($15,000) dólares de principal. El propósito primordial de esta regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. SLG,* 156 DPR 88, 97 (2002); *Cooperativa v. Hernández Hernández,* 205 DPR 624, 631 (2020).

En particular y en lo pertinente al caso de epígrafe, la Regla 60, *supra,* establece que:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, [...]
>
> **La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada.** [...]
>
>  ...
>
> La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. [...] Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario. [...] [Énfasis nuestro]

Al interpretar esta regla, el Tribunal Supremo expresó que "una vez superados [los] aspectos de notificació[n] y cuantía líquida y exigible, el tribunal entenderá en todas las cuestiones litigiosas y *dictará sentencia inmediatamente,* sin dejar que el caso se prolongue." *Cooperativa v. Hernández Hernández, supra,* a la pág. 637. Véase, además, *Asoc. Res. Colinas Metro. v. SLG, supra,* a la pág. 100.

Por otra parte, al procedimiento establecido en la Regla 60, *supra,* le son aplicables las reglas del proceso civil ordinario de forma supletoria en tanto y en cuanto estas sean compatibles con el procedimiento sumario establecido en dicha regla. *Asoc. Res. Colinas Metro v. SLG,* supra, a la pág. 98; *Cooperativa v. Hernández Hernández,* supra, a la pág. 631 y *RMCA v. Mayol Bianchi,* 208 DPR 100, 107-108 (2021). De hecho, algunas disposiciones del proceso

ordinario le son incompatibles al proceso sumario por la naturaleza de este último. El Tribunal Supremo ha resuelto que el emplazamiento por edicto, la contestación a la demanda, el descubrimiento de prueba, las reconvenciones y la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria. *Asoc. Res. Colinas Metro. v. SLG*, supra, pág. 99–100; *Cooperativa v. Hernández Hernández*, supra, a la pág. 631; *RMCA v. Mayol Bianchi*, supra, a la pág. 108.

De hecho, la propia Regla 60, antes citada, permite que un demandado solicite que el pleito iniciado según el proceso sumario sea tramitado posteriormente por la vía ordinaria en circunstancias en las que "se demuestr[e] al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia [...]". Asimismo, un tribunal puede *motu proprio* convertir un caso iniciado al amparo del procedimiento sumario de la citada regla al proceso ordinario, ya sea porque, entre otras circunstancias, el derecho de cobro no surge claramente y se necesita hacer descubrimiento de prueba, existe una reconvención obligatoria o se necesita añadir a un tercer demandado. *Asoc. Res. Colinas Metro v. SLG*, *supra*, a las págs. 100–101. El reconocimiento de este derecho a las partes no implica que automáticamente la conversión deba ser concedida, sino que el tribunal de instancia deberá evaluar los méritos de la solicitud. *Cooperativa v. Hernández Hernández*, supra, a la pág. 637.

Consecuentemente, el Tribunal Supremo determinó que:

> [S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento. Íd. pág. 640.

Por último, en cuanto a los conceptos de deuda vencida, líquida y exigible, el alto foro expresó en *RMCA v. Mayol Bianchi*,

*supra*, lo siguiente:

> [...] ya hemos dicho que únicamente se pueden reclamar por vía judicial las deudas vencidas, líquidas y exigibles. Respecto a los últimos dos conceptos, hemos expresado que:
>
> [...] El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su cumplimiento.
>
> La deuda es líquida por ser cierta y determinada, y es exigible porque puede demandarse su cumplimiento. Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha *sido aceptado como correcto por el deudor y que está vencido*".
>
> En el ámbito procesal, el hecho de que la deuda sea líquida y exigible en una demanda de cobro de dinero atendida conforme a la Regla 60 es un elemento que, además de la notificación-citación, debe ser superada por la parte promovente para que el tribunal pueda atender todas las cuestiones litigiosas y dictar sentencia inmediatamente. Sobre ese particular, el Prof. Rafael Hernández Colón comentó que la reclamación sustancial que pueda tener el demandado que requiera la conversión del procedimiento puede ser "porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercero demandado, entre otras cosas." *Íd.*, a las págs. 108-109.[13]

**La apreciación de la prueba y el estándar de revisión apelativa**

Nuestro más alto foro ha establecido claramente que los foros apelativos solo intervendrán con la apreciación de la prueba que haga el foro de instancia, cuando se demuestre que la intervención del juzgador sobre los hechos en controversia se encuentra viciada por pasión, prejuicio, parcialidad o error manifiesto. *Colón v. Lotería*, 167 DPR 625, 659 (2006); *Colón v. Glamorous Nails*, 167 DPR 33, 59 (2006); *Rodríguez v. Urban Brands*, 167 DPR 509, 522 (2006); *SLG Giovanetti v. ELA*, 161 DPR 492, 518 (2004); *Trinidad v. Chade*, 153 DPR 280, 291 (2001). Esto implica que los tribunales apelativos deben rendir deferencia a la apreciación de la prueba que realiza un tribunal de instancia. *McConnell v. Palau*, 161 DPR 734, 750 (2004).

---

[13] Notas al calce omitidas e itálicas en el original.

Un foro apelativo no puede descartar y sustituir por sus propias apreciaciones, basadas en un examen del expediente del caso, las determinaciones ponderadas del foro de instancia. *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999). Esto porque, los juzgadores de primera instancia se encuentran en mejor posición de aquilatar la prueba testifical, observar el comportamiento de los testigos mientras declaran y adjudicar la credibilidad que merezcan. *Argüello v. Argüello,* 155 DPR 62, 79 (2001); *Orta v. Padilla,* 137 DPR 927, 937 (1995); *Monllor v. Soc. de Gananciales,* 138 DPR 600, 610 (1995).

Sobre el particular, las Reglas de Procedimiento Civil disponen que las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto, a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. Regla 42.2, de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Esto porque, al evaluar la prueba oral, el juzgador de instancia tiene que ponderar integradamente los siguientes aspectos: (1) el comportamiento del testigo mientras declara y la forma en que lo hace; (2) la naturaleza o carácter del testimonio; (3) el grado de capacidad del testigo para percibir, recordar o comunicar cualquier asunto sobre el cual declara; (4) declaraciones anteriores de la persona testigo; (5) existencia o inexistencia de cualquier prejuicio, interés u otro motivo de parcialidad por parte de la persona testigo; (6) existencia o inexistencia, falsedad, ambigüedad o imprecisión de un hecho declarado por la persona testigo y; (7) carácter o conducta de la persona testigo en cuanto a veracidad o mendacidad. Regla 608, inciso (B) (1-7) de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 608.

En ese sentido, si al evaluar las transcripciones de la prueba oral, la naturaleza de los testimonios es creíble y los mismos no

reflejan contradicciones, el foro apelativo no podrá sustituir el criterio del foro de instancia con el suyo propio.

Como corolario de lo anterior, cuando la parte apelante señale algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, deberá reproducir la prueba oral conforme a la Regla 76. Regla 19 del Reglamento del Tribunal de Apelaciones, *supra,* a la pág. 37. Asimismo, la Regla 76 dispone que, de proponerse reproducir la prueba oral que desfiló ante el foro recurrido, someterá una transcripción o una exposición narrativa estipulada. Regla 76 del Reglamento del Tribunal de Apelaciones, *supra*, a las págs. 103-106. El Tribunal de Apelaciones depende de la reproducción de la prueba oral para poder dirimir si erró o no el foro de primera instancia en sus determinaciones de hechos.

**III.**

En sus primeros dos señalamientos de error, la parte apelante expuso que erró el TPI al no convertir el proceso sumario de la Regla 60, *supra*, en uno ordinario ni resolver la moción desestimatoria antes de la vista. A su vez, en un tercer señalamiento, adujo que incidió el foro primario al celebrar la vista sin la presencia de las partes, en alegada violación al debido proceso de ley. Adelantamos que no le asiste la razón.

Por encontrarse estrechamente relacionados entre sí, procederemos a discutir los primeros dos señalamientos de error en conjunto. En esencia, la parte apelante expone que el TPI ignoró por completo la moción de desestimación presentada por ella. Añadió que, en dicha moción, alegó que la residencia se encontraba fuera del cierre ordenado por el municipio para el establecimiento del control de acceso. Según aduce, tras la mencionada alegación, el foro primario solo podía (1) desestimar la demanda o; (2) convertir el proceso sumario en uno ordinario. Alegó, además, que dicha

moción no fue resuelta ni discutida antes de la celebración de la vista de Regla 60.

En primer lugar, lo cierto es que el foro primario atendió la moción de desestimación presentada por la señora Padilla Marrero. Este hecho es de fácil corroboración en el expediente electrónico, a través de la *Orden* del 3 de junio de 2025, la *Minuta* de la vista del 11 de junio de 2025, notificada el 25 del mismo mes y, finalmente, a través de la *Sentencia Enmendada* apelada notificada el 12 de septiembre de 2025.[14]

Según surge de la *Minuta* de la vista de la Regla 60; así como de la *Sentencia Enmendada* apelada, que el TPI hizo constar la presentación de la moción desestimatoria por la apelante. Además, consignó en el dictamen apelado, que las partes comenzaron la vista discutiendo, precisamente, sobre esta moción. Más aún, el foro primario allí precisó que, analizados los argumentos de ambas partes, resolvió la misma en corte abierta, y determinó que de su contenido no surgían hechos que convirtieran el proceso en uno ordinario y que, por lo tanto, procedía celebrarse la vista de Regla 60 y "escuchar la prueba de las partes."[15]

Recordemos que bajo la Regla 60, antes citada, las Reglas de Procedimiento Civil aplican de manera supletoria siempre que estas sean compatibles con el procedimiento sumario establecido en la misma. *RMCA v. Mayol Bianchi,* supra, a las págs. 107-108 (2021). Por su parte, la facultad del tribunal de declarar con lugar una moción de desestimación es fundamentalmente discrecional. Sin embargo, debe ser ejercitada **después de un sereno y cuidadoso escrutinio de la prueba y los hechos ante sí**. Véase *Díaz v. Tribunal Superior,* 93 DPR 79 (1966) (Énfasis nuestro). Recordemos también que existe una clara y firme política de que los casos sean

---

[14] SUMAC TPI, Entradas núms. 13, 16, 17 y 24.
[15] Véase, SUMAC TPI, Entrada núm. 16, a la pág. 1.

resueltos en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 293 (1988).

Ahora bien, la propia Regla 60, *supra*, establece algunas instancias en las que el mecanismo sumario puede convertirse en un proceso ordinario. Entre las razones para convertirlo en un proceso ordinario se encuentran que:

> (1) si la parte demandada demuestra que tiene una reclamación sustancial;
> (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil **ordinario**;
> (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo.

Asimismo, un tribunal puede *motu proprio* convertir un caso iniciado al amparo del procedimiento sumario de la citada regla al proceso ordinario, ya sea porque, entre otras circunstancias, el derecho de cobro no surge claramente y se necesita hacer descubrimiento de prueba, existe una reconvención obligatoria o se necesita añadir a un tercer demandado. *Asoc. Res. Colinas Metro v. SLG*, *supra*, a las págs. 100–101.

De otro lado, nuestro más alto foro ha establecido que uno de los elementos más importantes, a ser superados por el promovente, para prosperar en una causa al amparo de la Regla 60, es la liquidez y exigibilidad de la deuda. *RMCA v. Mayol Bianchi, supra*, a la pág. 109. La deuda es líquida por ser cierta y determinada, y es exigible porque puede demandarse su cumplimiento. *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001). Así que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha *sido aceptado como correcto por el deudor y que está vencido*". *RMCA v. Mayol Bianchi, supra*, a las págs. 109-110.

En el caso ante nuestra consideración surge de la *Minuta* del juicio que se presentó a la Sra. Leslie Rodríguez, como la prueba testifical de San Gerardo, y que esta fue **contrainterrogada por el**

**abogado de la apelante**, y además, como mencionamos, se marcaron como exhibits y se admitió en evidencia los siguientes documentos:

> Exhibit 1. Contrato de Servicios ERS Housing Administration Services, Inc.
> Exhibit 2. Certificación Registral.
> Exhibit 3. Estado de Cuenta de Brunilda Padilla Marrero.
> Exhibit 4 Ordenanza Municipal para el cierre.
> Exhibit 5. Acuse de Recibo número 9171999999-17038007140886 del 18 abril 2018.
> Exhibit 6. Acuse de Recibo número 9489009000-276456563102 del 22 de junio de 2023.
> Exhibit 7. Reglamento de la Asociación de Residentes de San Gerardo, Inc.

Recordemos, además, que el foro apelado hizo constar que:

> De la prueba presentada, surge que la Parte Demandada es propietaria de una residencia que ubica dentro de los predios autorizados para establecer un control de acceso conforme autorizado por el Municipio Autónomo de San Juan. **La Parte Demandada alega que la Parte Demandante no pudo probar que la calle Atlanta, se encuentra incluida dentro de la zona autorizada para el cierre. No obstante, del testimonio de la testigo presentada, <u>la cual nos merece total credibilidad</u>, así como de la prueba admitida como evidencia, quedamos convencidos que la Parte Demandada es una propietaria adquirente de una finca ubicada en una urbanización para la cual se ha autorizó el cierre y control de acceso conforme a la ley aplicable**. (Énfasis y subrayado nuestro)

Según reseñamos en el derecho precedente, esta *Curia* depende de la reproducción de la prueba oral para poder dirimir si erró o no el foro de primera instancia en sus determinaciones de hechos. Sin esta, quedamos impedidos de ejercer nuestra función revisora y pasar juicio sobre la evaluación de la prueba oral que realizó el foro primario y/o intervenir con la apreciación de la prueba y adjudicación de credibilidad del testimonio de la Sra. Sra. Leslie Rodríguez, vertido en el juicio según realizadas por el tribunal.

Por tanto, estamos impedidos de atender algunos de los planteamientos incluidos por la apelante en el recurso relativas al alcance de lo determinado por el tribunal sobre las declaraciones vertidas en el juicio por la testigo y la suficiencia de la prueba documental. Tampoco nos permite conocer los argumentos de los

abogados, ni el raciocinio del TPI resolviendo el petitorio desestimatorio instado por la señora Padilla Marrero, conforme aconteció previo a comenzar la vista en su fondo.

Por consiguiente, en ausencia de evidencia que demuestre que el TPI actuó con pasión, prejuicio o parcialidad, o incurrió en error manifiesto, estamos impedidos de sustituir el criterio del tribunal *a quo* en el ejercicio de su discreción, por lo que damos deferencia a la apreciación de la prueba realizada por este y la determinación de no convertir el pleito a uno ordinario.

De otra parte, no obviemos que el TPI hizo constar que tomaba conocimiento del caso KMC2016-0548, luego de haber sido colocado en posición por San Gerardo para así hacerlo.[16] Como resultado de este caso, en el 2016, la señora Padilla Marrero aceptó una deuda por igual concepto que en el presente caso y se comprometió a cumplir con un acuerdo de pago de $75, además de continuar el pago de cuotas de mantenimiento por la cantidad de $31, durante la vigencia del acuerdo.[17] Advertimos que este asunto no fue discutido, ni menos refutado por la señora Padilla Marrero en su recurso ante nuestra consideración.

Agregamos que, en cuanto a la alegación principal de la apelante sobre que la propiedad está fuera del área sobre la cual el municipio decretó el cierre, apuntalamos que esta descansó sobre meras alegaciones contrarias a lo alegado y probado, mediante prueba testifical y documental por San Gerardo, conforme plasmó el tribunal en la *Sentencia Enmendada* apelada. Sabido es que, en nuestro ordenamiento jurídico, al tratar de controvertir hechos bien fundamentados la otra parte no puede descansar en meras alegaciones, sino que debe proveer evidencia sustancial de los hechos materiales en disputa. *UPR Aguadilla v. Lorenzo Hernández,*

---

[16] SUMAC TPI, Entrada núm. 16, a la pág. 2 y Entrada núm. 24, a la pág. 4.
[17] Véase SUMAC TPI, Entrada núm. 6, Anejo Sentencia caso civil KCM2016-0548.

184 DPR 1001, 1013 (2012); *Ramos Pérez v. Univisión,* 178 DPR 200, 215 (2010). Ello es así, toda vez que meras alegaciones no constituyen prueba. *UPR Aguadilla v. Lorenzo Hernández, supra.* En este aspecto, la señora Padilla Marrero no aportó prueba testifical o documental en el juicio que controvirtiera los documentos presentados y el testimonio de la Sra. Leslie Rodríguez. Recalcamos que la apelante estaba adecuadamente informada de la fecha pautada para el juicio en su fondo.

Así, es forzoso concluir que, de la prueba presentada por San Gerardo, se establece que la parte apelante está obligada a satisfacer las cuotas de mantenimiento impuestas, que existe una deuda por los conceptos reclamados, y que la misma es líquida, exigible y está vencida. No podemos pasar por alto que, en el recurso, la señora Padilla Marrero no cuestiona ante este foro apelativo el importe de la deuda, ni los documentos que la acreditan. Tampoco impugna la facultad adscrita a San Gerardo para reclamar el cobro de las partidas adeudadas.

Añadimos que en la *Moción de Desestimación* presentada por la apelante, ante el TPI, esta admitió que "[a]unque, para efectos del Registro, **la propiedad se le transfirió a la demandada [apelante] con posterioridad al cierre**, la familia se mantuvo opuesta al cierre, tal como lo habían hecho hasta entonces." (Énfasis nuestro).

En fin, según los hechos de este caso, la apelante no nos convence de que el foro primario ignoró la moción de desestimación, ni que este pedido no fuera atendido antes de la vista de la Regla 60, *supra.* Tampoco nos puso en condición para entender que el TPI abusó de su discreción al negarse a convertir el procedimiento sumario de la Regla 60, antes citada, a uno ordinario. Por lo que, colegimos que los primeros dos errores no fueron cometidos por el foro primario.

Ahora bien, en su tercer señalamiento de error, la apelante adujo que erró el TPI al celebrar la vista sin la presencia de la parte apelante, en violación al debido proceso de ley en su aspecto procesal.

Mediante el debido proceso de ley, en su vertiente procesal, se le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Román Ortiz v. OGPe*, 203 DPR 947 (2020); *Rivera Rodríguez & Co. v. Lee Stowell Taylor Etc.*, 33 DPR 881 (1993). Se ha señalado que, para que entre en vigor la protección que ofrece este derecho, en su vertiente procesal tiene que estar en juego un interés individual de libertad o propiedad. *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265, 274 (1987). Una vez cumplida esta exigencia, hay que determinar cuál es el procedimiento exigido. *Íd.* Dependiendo de las circunstancias diversas situaciones pueden requerir diferentes tipos de procedimientos, pero siempre persiste el requisito general de que el proceso gubernamental debe ser justo e imparcial. *Íd.*

La jurisprudencia ha establecido diversos requisitos que debe cumplir todo procedimiento adversativo, para satisfacer las exigencias del debido proceso, a saber: **(1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord.** *Román Ortiz v. OGPe*, supra; *Rivera Rodríguez & Co. v. Lee Stowell Taylor Etc.*, supra.

De un análisis íntegro del expediente electrónico, colegimos que no se violentó el debido proceso de ley en su vertiente procesal. La notificación-citación se realizó conforme a derecho, el tribunal calendarizó con tiempo razonable las dos vistas de la Regla 60 y la

apelante fue informada, se le concedió la oportunidad de ser oída, incluso, mediante su representación legal, pudo contrainterrogar a la testigo de San Gerardo en el juicio, y como hemos explicado, la decisión del tribunal está basada en el récord.

De otro lado, no podemos obviar que en la *Sentencia Enmendada* impugnada el foro primario hizo constar que "[p]osteriormente, el Tribunal le concedió la oportunidad al Lcdo. Náter para contactar a la parte demandada para que estuviera presente durante el juicio. Luego de un turno posterior, el Lcdo. Náter expresó que su cliente no podría comparecer. El Lcdo. Náter no solicitó posponer o suspender la vista."[18] Por lo que, no cabe duda de que el tribunal concedió la oportunidad a la apelante para comparecer al juicio en su fondo. No obstante, esta estuvo representada en la vista por su abogado, quien ejerció su encomienda conforme fue descrito en el dictamen apelado.

Por último, es menester reseñar que el TPI, en la primera vista de la Regla 60 celebrada el 16 de abril de 2025, recalendarizó la próxima para el 11 de junio de 2025. Asimismo, en la Orden emitida el 3 de junio, el tribunal primario claramente dictaminó que la *Moción de Desestimación* instada por la apelante se atendería en la vista. En este sentido, no podemos avalar el planteamiento de la señora Padilla Marrero, respecto a que su abogado entendía que su presencia no era necesaria, porque creía que en el día pautado para la vista se discutiría solo el pedido desestimatorio. Al respecto, no existe determinación en donde el TPI haya cambiado la naturaleza de la vista de juicio en su fondo celebrada el 11 de junio.

En consecuencia, el tercer error imputado no fue cometido por el foro *a quo*.

**IV.**

---

[18] SUMAC TPI, Entrada núm. 16, a la pág. 1.

Por los fundamentos antes expuestos, procedemos a confirmar el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones